■ SYRACUSE COMMUNITY HEALTH CENTER, Petitioner, v WENDI A. M. et al., Respondents. [604 NYS2d 406] —Determination unanimously annulled on the law without costs and petition granted. Memorandum: Syracuse Community Health Center (SCHC) commenced a proceeding pursuant to Executive Law § 298 seeking to annul a determination of the Commissioner of the State Division of Human Rights that it had unlawfully discriminated against an HIV seropositive patient. The basis for the Commissioner's determination was that, in

its treatment of the patient, SCHC staff used white paper toweling to drape exposed surfaces of the treatment room that might become contaminated with blood during a dental procedure.

The proof at the hearing was that the dental staff took universal precautions with all patients; the patient headrest and the lamp were covered, and the staff wore gloves, masks, goggles, and gowns. When the staff knew that a patient was HIV positive, the additional precaution of draping exposed surfaces was taken. The Commissioner concluded that SCHC's "selective" draping exposed this patient to public humiliation and ordered SCHC to pay to her the sum of $10,000 compensatory damages for hurt, humiliation, and mental anguish.

The determination of the State Commissioner of Human Rights "must be confirmed if it is supported by substantial evidence" *(Matter of Consolidated Edison Co. v New York State Div. of Human Rights,* 77 NY2d 411, 417; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179-180). A finding of discrimination by the Commissioner must be upheld "[w]hen a rational basis for the conclusion approved by the division is found" *(Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.,* 59 NY2d 69, 75). We conclude, upon our review of the record as a whole, that the Commissioner's determination lacks a rational basis and is not supported by substantial evidence.

The proof adduced at the fact-finding hearing demonstrated that the draping of surfaces that might become contaminated by blood or saliva is an acceptable precaution against the spread of HIV infection. It was also established that the treatment rooms are not visible from the waiting area, that the doors to the treatment rooms are kept closed except when staff members go in and out, and that no one but the patient and clinic staff members were aware that the precaution of draping had been utilized. The Commissioner's conclusion that this patient was exposed to public humiliation has no foundation in the record.

Although OSHA guidelines suggest that dental care providers treat every patient as if he or she were infected, in our view it does not rationally follow that a dental care provider that takes an extra precaution in the privacy of the treatment room in the case of an identified HIV positive patient has unlawfully discriminated against that patient. (Proceeding Pursuant to Executive Law § 298 Transferred by Order of Supreme Court, Onondaga County, Hayes, J.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.